Sint **SUTHIRACHARTKUL**,
Plaintiff-Appellee,

v.

**SHEARSON LEHMAN BROTHERS INC.,**
**Shearson Lehman Brothers Pte. Ltd.,**
**and Edward Zulaica, Defendants-Appellants,**

**Sin Mun Kay, Defendant.**

**IRPA CORPORATION, S.A.,**
Plaintiff-Appellee,

v.

**SHEARSON LEHMAN/AMERICAN EXPRESS, INC.,** formerly Shearson/American Express, Inc., Gaston Rozenwald, and Geoffrey De Robiano, Defendants-Appellants.

Nos. 149, 199, Dockets 86–7492, 86–7494.

United States Court of Appeals,
Second Circuit.

Argued Oct. 20, 1986.

Decided Nov. 19, 1986.

---

Harry D. Frisch, New York City (Theodore A. Krebsbach, Bari Jane Wolfe, New York City, on the brief), for defendants-appellants in No. 86–7492.

Robert J. Costello, New York City (John J. Phelan, III, Michael F. Fitzgerald, Phelan & Costello, New York City, on the brief), for plaintiff-appellee in No. 86–7492.

Stephen J. Keating, New York City (Theodore A. Krebsbach, Lisa Anne J. Labonte, New York City, on the brief), for defendants-appellants in No. 86–7494.

Adolph D. Seltzer, New York City, for plaintiff-appellee in No. 86–7494.

Before VAN GRAAFEILAND, NEWMAN, and PRATT, Circuit Judges.

PER CURIAM:

In these two related but unconsolidated appeals, Shearson Lehman Brothers, Inc. ("Shearson") appeals from orders of the District Court for the Southern District of New York denying its motions in two separate cases to compel arbitration. Both cases involve claims brought by Shearson customers under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1982), and Rule 10b–5, 17 C.F.R. § 240.10b–5 (1986). In addition, the plaintiff in No. 86–7492 has made a civil RICO claim against Shearson under 18 U.S.C. § 1964 (1982). In both cases the claims are based on Shearson's allegedly improper trading on behalf of the plaintiffs, each of whom had opened accounts with Shearson pursuant to standard form brokerage contracts. Relying on *McMahon v. Shearson/American Express, Inc.*, 788 F.2d 94 (2d Cir.1986) (section 10(b) and civil RICO claims not arbitrable), Judge Broderick in No. 86–7492 and Judge Sprizzo in No. 86–7494 denied Shearson's motion to stay the federal causes of action and to compel their arbitration. Judge Sprizzo granted Shearson's request to compel arbitration of state law claims asserted in No. 86–7494.

On appeal, Shearson contends that arbitration of all claims should have been ordered, notwithstanding our recent decision in *McMahon* because, in Shearson's view, the claims in these cases arise out of "international commercial transaction[s]" within the meaning of the Supreme Court's decision in *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974). *Scherk* held that arbitration agreements applicable to "international" transactions were to be enforced, even where the plaintiff was asserting a section 10(b) claim, which the Court was willing to assume would not generally be arbitrable by virtue of *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) (claims under section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l (1982), not arbitrable).

In No. 86–7492, Shearson emphasizes that the plaintiff, Sint Suthirachartkul, is a resident and citizen of Thailand, that the allegedly improper transactions were undertaken by employees of Shearson's whol-

ly owned far-Eastern subsidiaries, incorporated under the laws of Hong Kong and Singapore, respectively, and that the negotiations concerning the plaintiff's account occurred in Thailand and Singapore. In No. 86–7494, Shearson points out that the plaintiff, IRPA Corporation, S.A., is a Luxembourg corporation, that the allegedly improper transactions were undertaken by Belgian nationals employed by Shearson's branch office in Brussels, and that the pertinent negotiations concerning the plaintiff's account occurred in Belgium. In Shearson's view, these circumstances create the possibility that it may be subject to suit arising out of its brokerage agreements with the plaintiffs in several foreign jurisdictions, with attendant uncertainty as to the appropriate choice of law. Shearson asserts that this prospect entitles it to enforcement of the arbitration clause in its brokerage agreement in light of *Scherk v. Alberto-Culver Co., supra.*

The plaintiffs contend that *Scherk* has no application to their claims against Shearson, which arise out of trading of securities and commodities on domestic exchanges. The plaintiffs emphasize that *Scherk* involved "the sale of business enterprises ... primarily situated in European countries, whose activities were largely, if not entirely, directed to European markets." 417 U.S. at 515, 94 S.Ct. at 2455.

Though the issue of arbitrability under *Scherk* was not adequately framed for decision by the district judges in either of the cases now before us, we deem it appropriate to entertain Shearson's contention. However, though many, possibly all, of the relevant facts are undisputed, we also think it advisable to remand both cases to the District Court so that the applicability of *Scherk* may be specifically considered by the district judges, in light of whatever fact-finding they may determine is necessary. We are mindful of the policy in favor of prompt resolution of matters alleged to require arbitration. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 29, 103 S.Ct. 927, 943, 74 L.Ed.2d 765 (1983). We are also aware that the reach of *Wilko v.*

*Swan, supra*, perhaps its continued vitality, is soon to receive the Supreme Court's renewed attention. *See Shearson/American Express, Inc. v. McMahon*, —— U.S. ——, 107 S.Ct. 60, 93 L.Ed.2d 20 (1986), *granting cert. to* 788 F.2d 94 (2d Cir.1986). Though we express no view of the merits of Shearson's claim that these cases are governed by *Scherk*, we conclude that this issue should be considered in the first instance by the District Court.

Accordingly, in both appeals, we remand for further proceedings consistent with this opinion.